UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALENTIN DAMIAN, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

5060 AUTO SERVICE, INC. (D/B/A 5060 AUTO SERVICE, INC.) and LEONID BRUK,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/2020

19 Civ. 9226 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Valentin Damian, brings this action against Defendants, 5060 Auto Service Inc. and Leonid Bruk, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 190 *et seq.* ECF No. 1. Having reached a settlement (the "Settlement"), the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 24. For the reasons stated below, the motion to approve the Settlement is GRANTED.

## DISCUSSION

### I.    Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II. <u>Analysis</u>

The Settlement resolves Plaintiff's claims under the FLSA. Letter at 2. The parties entered into a separate agreement to settle Plaintiff's NYLL claims, *id.* at 2 n.1, which does not require approval under *Cheeks*. *See Chowdhury v. Brioni Am., Inc.*, No. 16 Civ. 344, 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 29, 2017) ("Judges in this [d]istrict routinely approve bifurcated settlement agreements, in which the parties submit their FLSA agreement for court review and approval but enter into a separate agreement that addresses the non-FLSA claims." (internal quotation marks, citations, and alterations omitted)).

The Settlement provides Plaintiff with a recovery of $37,000 to be allocated as follows: $24,616.47 to be paid to Plaintiff; and $12,124.53 to be paid to Plaintiff's counsel in attorney's fees, plus expenses in the amount of $259. Settlement Agreement § 1, ECF No. 24-1; *see also* Letter at 4. Plaintiff alleged that he would be entitled to FLSA back wages of approximately $50,826. Letter at 3. Defendants dispute the number of hours that Plaintiff claims to have worked. *Id.* at 2. Defendants also produced tax returns and financial records to argue that they would lack the capacity to pay a significant judgment. *Id.* The parties contend that the Settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses through further litigation and at trial. *Id.* Given "Defendants' dispute as to the number of hours worked and evidence of Defendants' financial condition," they argue, "the likelihood of a timely recovery of a full judgment, plus attorney's fees and costs, is limited." *Id.* at 3.

Moreover, the parties settled the action at a mediation conference, which was held pursuant to the United States District Court for the Southern District of New York Mediation Referral Order for Cases Filed Under the Fair Labor Standards Act. *Id.* at 3; *see* ECF No. 16. The parties state that there was no possibility of fraud or collusion because they settled after extensive arm's-length negotiations at an in-person mediation between experienced attorneys. Letter at 3. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provisions in the Settlement are not overly broad, as they release Defendant from claims "relating specifically to the federal wage and hour claims in the litigation that occurred or [have] arisen as of the [e]ffective [d]ate of this [a]greement." Settlement Agreement § 2. The Settlement contains neither a confidentiality provision nor a non-disparagement provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds, in the amount of $12,124.53, plus expenses in the amount of $259, totaling $12,383.53. Letter at 4. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005). Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's billing records indicate that attorney Michael Faillace bills at a rate of $450 per hour; Clifford Tucker, an associate, bills at a rate of $350 per hour; and paralegals bill at a rate of $100 per hour. Letter at 6; *see also* Timesheet, ECF No. 24-2. In all, Plaintiff's counsel billed 38.43 hours on this matter. *See* Timesheet at 3. At these rates, Plaintiff's counsel calculates total billable hours to be $11,000.50 in attorney's fees and $518 in costs. *See id.* at 3–4 .

The rates proposed by Faillace and Tucker are higher than the norm. "In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour." *Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) (collecting cases); *see also Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176, 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017) (noting FLSA partners typically receive $400 per hour, senior associates $300 per hour, and junior associates $225 per hour). Following the norms in this district, the Court will reduce Faillace and Tucker's rates to $400 and $300 per hour, respectively, for purposes of calculating the lodestar and calculates Plaintiff's counsel's lodestar to be $9,589.

Plaintiff's counsel's requested fee award of $12,124.53 represents, therefore, one third of

3

the Settlement, and approximately 1.26 times the lodestar amount calculated by the Court. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *2–3 (S.D.N.Y. Jan. 2, 2019 (internal quotation marks and citation omitted) (collecting cases); *see also Pinzon v. Jony Food Corp.*, No. 18 Civ. 105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (awarding counsel a third of the settlement amount, which was greater than two times the lodestar, in early settlement and recognizing "the importance of encouraging the swift resolution of cases like this one and avoiding creating a disincentive to early settlement—particularly where such settlement has provided Plaintiff with a substantial and speedy result" (internal quotation marks, alterations, and citation omitted)).  Accordingly, the Court will not disturb the fee-and-cost award agreed upon in the Settlement.

## CONCLUSION

The parties' motion for settlement approval is GRANTED.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 25, 2020
         New York, New York

_____
ANALISA TORRES
United States District Judge